## George F. Jones & Co., Appellants, *v.* James Brown, Jr.

*Attachment under act of* 1869—*Debt not due*—*Rescission of sale.*

Where a person sells goods on credit, extending the time of payment by taking notes for the purchase money, and subsequently finds that the representations upon which he gave the credit were false, he cannot issue an attachment under the act of March 17, 1869, before the maturity of the notes. He must either stand upon his contract or rescind it and bring an action of replevin for the goods, or trespass for their value.

Argued March 26, 1895. Appeal, No. 20, July T., 1894, by plaintiff, from order of C. P. No. 4, Phila. Co., Dec. T., 1893, No. 705, making absolute a rule to dissolve an attachment under the act of 1869. Before STERRETT, C. J., WILLIAMS, McCOLLUM, MITCHELL and DEAN, JJ. Affirmed.

Attachment under the act of 1869 to recover the price of goods sold and delivered.

Plaintiff in his statement of claim averred that the sum of $1,278.64 was due for goods sold and delivered. He further averred " that by false and fraudulent representations as to his financial condition, the defendant induced him, the said plaintiff, to extend the time for the payment of said account, and to accept in settlement thereof the three promissory notes, copies of which are hereto annexed, marked Exhibit A. That plaintiff is advised and believes that by reason of the fraud so practiced upon him he was entitled to rescind the contract of extension, so made as aforesaid, and to proceed for the recovery of the amount due to him upon the said book account. Plaintiff avers that he has so rescinded said contract, and has brought this action for the recovery of the amount of his said account, the whole of which is justly due and owing to him from the said defendant."

Defendant obtained a rule to dissolve the attachment.

After argument, THAYER, P. J., filed the following opinion:
" [The plaintiff brought an action of assumpsit against the
defendant to recover the price of certain goods, sold and deliv-
ered, and for which he had taken the defendant's promissory
notes, maturing at different dates.  Having filed an affidavit
that the sale was procured by the defendant by means of false
representations of the defendant's circumstances, he commenced
his action by an attachment under the act of 1869, in which he
claimed the price of the goods sold, or the amount of the prom-
issory notes given for them, with interest.  None of the prom-
issory notes sued upon were due at the time of the issuing of
the attachment, the suit having been brought before the ter-
mination of the day on which the first note fell due.  In Taylor
v. Jacoby, 2 Pa. 495, it was decided that a note is not due
for the purpose of commencing suit upon it until the day fol-
lowing the termination of the day on which it is payable.  The
plaintiff's suit, which was founded upon his contract with the
defendant, was, therefore, prematurely brought.  This is, of
course, fatal to the plaintiff's case, unless he can take it out of
the general rule.  This the plaintiff endeavors to do by aver-
ring that inasmuch as the sale and the notes were procured by
the defendant by means of false representations, made to the
plaintiff, he is entitled to consider the price due immediately.
He maintains that the credit having been obtained by the
defendant by fraud, he is entitled to sue at once for the price
agreed upon in the contract of sale.  But this is a fallacious
argument.  If the goods were obtained by the defendant by
means of fraudulent representations, the plaintiff has a right
to rescind the sale, in which case he might bring replevin
for the goods themselves, or an action of trover, in which
he would recover their value in damages.  But it is plain
that if he elects to rescind the contract he cannot bring assump-
sit for the price, because the same contract which fixes the price
entitles the defendant to the credit which it has agreed he
should have.] [4]  The plaintiff cannot blow hot and cold.
He must either stand squarely upon his contract with the defend-
ant, and give him the credit agreed upon, or he must rescind
in toto, and treat the contract as no longer in existence, but
rescinded on account of the fraud, and if it is rescinded he can

not sue for the contract price (there being no longer any contract in existence), but can bring only replevin for the goods or trover for their value. This is familiar law. [Where goods have been delivered to a vendee under a contract of sale procured by his own fraud, he may be sued for the recovery of the goods or their value, though they may have been sold on a credit which had not expired at the time the action is commenced, but in such case the vendee cannot be sued in assumpsit for the price, but the remedy is trover.] [5] The fraud entitles the vendor to avoid the sale. If he sues in assumpsit he affirms the express contract which had been entered into between the parties, and where there is an express contract the law will not imply another: Strutt v. Smith, 1 C. M. & R. 312; Bradbury v. Andertow, 1 C. M. & R. 490; 5 Tyr. 152; Ferguson v. Carrington, 9 B. & C. 59; Hogan v. Shee, 2 Esp. 522, 523; Selway v. Fogg, 5 M. & W. 86. If there be fraud on the part of the purchaser, in respect to the purchase, the vendor may elect either to affirm the sale and sue for the price, or to treat the sale as void and follow the goods or proceeds: Lloyd v. Brewster, 4 Paige, Ch. 537. All the text writers agree in this, and the cases upon the subject are very numerous: Chitty on Cont. 408. [Fraud avoids the contract ab initio, even where a credit was stipulated for and given, but in such case a distinction in selecting a remedy at law to defeat the fraud is to be observed. Where A brings assumpsit for the goods before the time of credit expires, such action is not maintainable, but the vendor might bring trover immediately to recover the value: Ib. 679; Ferguson v. Carrington, 9 Barn. & Cress. 59. By bringing assumpsit he affirms the contract made between him and the defendant:] [6] Ib., and Dingley v. Robinson, 5 Greenleaf, 127. It is hardly necessary to observe that in Pennsylvania, since the practice act of 1887, trespass has taken the place of trover in cases where the vendor rescinds the contract on account of fraud and seeks to recover the value. Where the vendor rescinds the contract for fraud of the vendee, replevin and trover are the appropriate remedies: Mackinley v. McGregor, 3 Whart. 369; Addison on Cont. 148, 149. But if the vendor does not avail himself of the fraud he may treat the contract as subsisting and sue for the price, provided it is due: White v. Garden, 10 C. B. 919; 20 L. J. C. P. 167;

Addison on Cont. 149. If the plaintiff elects to treat the contract as a subsisting contract, and sues upon it, he cannot maintain a quantum meruit as for an abandoned contract: Addison on Cont. 436. Where one of two parties to a contract is entitled, by reason of fraud, to abandon the contract and treat it as a nullity, he must make his election to take it as a subsisting contract or as rescinded. Having taken the one course he cannot afterwards adopt the other: Ib. 1074; Goodman v. Pocock, 15 Q. B. 576; 19 L. J. Q. B. 410. A party rescinding cannot sue for a breach of contract: Haynes v. Holliday, 7 Bing. 587, 20 Eng. C. L. 263. Nor can he recover in indebitatus assumpsit: Keene v. Parsons, 2 Stark. 506; 3 E. C. L. 507. [If one brings assumpsit on the contract he affirms the contract and cannot treat it as rescinded: Smith v. Hodson, 2 Sm. Lead. Cas. 129, and notes there; Ib. 137, and notes. If he rescinds, he must rescind in toto or not at all: Chandler v. Lopus, 1 Sm. L. Cas. 356, and notes. A party defrauded in a contract has his choice of remedies. He may stand to the bargain or rescind: Campbell v. Fleming, 1 Ad. & El. 40; 2 Kent's Com. 624. And where there is an election between consistent and inconsistent remedies the election is final:] [7] Smith v. Hodson, 2 Sm. L. Cases, 139.

"Moreover, [where one of the parties elects to rescind, he must place the other party in the same position he was in before the sale:] [8] Turnpike Co. v. Com., 2 Watts, 433; Piper v. Sloneker, 2 Gr. 113; Smith v. Webster, 2 Watts, 478; Morris v. Govett, 4 Phila. 13.

" [If, therefore, the plaintiff in the present case would rescind the contract, he is bound first to restore to the defendant the notes which were given for the price.] [9]

" [It is manifest, however, in the present case, that the plaintiff has not elected to rescind, but that his action is brought upon the contract, for he has not only brought assumpsit for the price, but demands also interest upon the notes, and declares in his affidavit that the suit is ' to recover the purchase price for which this suit is now brought.'] [10] [Standing, therefore, as the plaintiff does, upon his contract of sale and upon the notes given for the price, it is perfectly clear that the plaintiff's action cannot be maintained, inasmuch as the credit given had not expired when his action was begun.] [11]

[If his allegations of fraud are true, he might have rescinded the contract and proceeded in replevin on trespass, but as he has waived the alleged tort and sued in assumpsit he cannot maintain his action, inasmuch as no part of the debt sued for was due, under the terms of the contract, when he began his suit.] [12]   [An attachment under the act of 1869 will not lie for a debt not yet due : Coates v. White, 15 Phila. 295.] [13] Therefore, rule absolute and attachment dissolved."

*Errors assigned* were, among others, (1) the above order; (4–13) portions of opinion as above, quoting them.

*S. Spencer Chapman,* of *Chapman & Chapman,* for appellant, cited : Fernau v. Butcher, 113 Pa. 299; Ferguson v. Carrington, 9 Barnwell & Cresswell, 59; Russell v. Bell, 10 M. & W. 340 ; Sloane v. Shiffer, 156 Pa. 59 ; Schofield v. Shiffer, 156 Pa. 65; Boyd, White & Co. v. Shiffer, 156 Pa. 100; 1 Benjamin on Sales, 385; Willson v. Foree, 6 Johnson, 110; Schack v. Louchheim, 1 Cent. Rep. 329 ; Wachter v. Famachon, 62 Wis. 117.

*Francis S. Cantrell,* for appellee, cited : Bevan v. Eldridge, 2 Miles, 353; Thomas v. Shoemaker, 6 W. & S. 179 ; Taylor v. Jacoby, 2 Pa. 495 ; 1 Benjamin on Sales, 648; Marsh v. Pier, 4 Rawle, 286 ; Strutt v. Smith, 1 C. M. & R. 312; Hogan v. Shee, 2 Esp. 522; Selway v. Fogg, 5 M. & W. 86; Lloyd v. Brewster, 4 Paige Ch. 537 ; Chitty on Cont. 408 ; Ferguson v. Carrington, 9 B. & C. 59; Dingley v. Robinson, 5 Greenleaf, 127 ; Mackinley v. McGregor, 3 Wh. 369 ; Addison on Cont. 148 ; Pearsoll v. Chapin, 44 Pa. 9; Wright v. Ewen, 24 W. N. C. 111 ; 1 Benjamin on Sales, 629 ; Smith v. Murphy, 21 Pa. 367 ; Rodman v. Thalheimer, 75 Pa. 232 ; Biddle v. Black, 99 Pa. 380 ; Wessels v. Weiss Bros., 156 Pa. 596.

PER CURIAM, April 8, 1895 :

We find nothing in this record that would justify a reversal of the order dissolving the attachment.   Neither of the assignments of error requires special notice.   They are all dismissed.

Judgment affirmed without prejudice, etc.